NILDA GERENA, A MINOR, ETC., Plaintiff and Appellant, *v.* ANA VICTORIA LAMELA, ETC., Defendant and Appellee; the LAMELA–ABREU BROTHER AND SISTERS, Interveners and Appellees.

No. 11269. Argued March 1, 1955.—Decided June 29, 1956.

*Bolívar Pagán* for appellant. *García Méndez & García Hermida* and *Santiago Polanco Abréu* for interveners.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is a sequel of the case of Florentina Gerena, in representation of her minor daughter, *Nilda Gerena* v. *Superior Court of Puerto Rico, Aguadilla Part*, No. 2062, certiorari, decided by us on this same day (*ante*, p. 538). After judgment was rendered in this case adjudging Nilda Gerena to be the acknowledged natural daughter of Alfredo Lamela Abréu, in which the only party sued was another natural daughter who had been acknowledged by her uncle and aunts, to whom she had already assigned all her hereditary rights, the said uncle and aunts, surnamed Lamela Abréu, appeared before the San Juan Part of the Superior Court of Puerto Rico and moved for intervention and reopening of the case. Their motion was granted by the trial court by an order issued after judgment was rendered.

On appeal to this Court from the order permitting the intervention of the Lamela Abréu brother and sisters and the reopening of the case, appellant assigns the following errors: (1) the respondent court erred in authorizing the intervention of the Lamela Abreu brother and sisters after a final (*firme*) judgment had been rendered in this case; (2) the respondent court erred in permitting the intervention without the interveners having complied with the law as to the notice of the motion which must be served upon all parties concerned, or as to the filing of the complaint in intervention which must accompany the motion; (3) the respondent court

erred in granting the intervention of the Lamela Abréu brother and sisters, based on an alleged assignment of rights which was challenged as void in the respondent court, the validity of which was not passed upon.

The law applicable to this case is Rule 24 of the Rules of Civil Procedure—32 App. L.P.R.A. p. 610—which provides:

"(*a*) *Intervention of Right.*—Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.

"(*b*) *Permissive Intervention.*—Upon timely application any person may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when the applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"(*c*) *Procedure.*—A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense which gives rise to the intervention."

 Regarding the first error concerning the authorization to intervene after judgment was rendered, appellant is not in the right. Although the intervention, after judgment is rendered, is unusual and is not permitted as a general rule, it is proper, however, if it is the most effective means of protecting the rights of the interveners, who would otherwise be bound by the outcome of the case, particularly in a case like this in which the other party affected thereby does not appeal. 4 Moore's *Federal Practice* 16, § 24.13 (2d ed. by Matthew Bender & Company, 1955); *Rodríguez* v. *District Court*, 68 P.R.R. 904, 906 (Marrero, 1948).

■■ Regarding the second error concerning the lack of service and the fact that a copy of the complaint in intervention did not accompany the motion for intervention, plaintiff again is wrong. Although it is true that notice of the motion for intervention was served only upon the attorney for plaintiff, according to the record, this is an unusual case in which the attorney for plaintiff, according to the record, is also the attorney for defendant Ana Victoria Lamela, formerly known as Ana Victoria Montalvo and Anita Lamela, as it appears from the allegations of the motion for intervention, which contains the letter of May 11, 1953, written by Anita Montalvo Lamela to her former attorney, informing him that she had employed the attorney for plaintiff, in the intervention case, as her own attorney "to represent me in judicial and extrajudicial steps to assert a claim to everything to which I am entitled from the estate left by my father, Alfredo Lamela Abréu."

It will be recalled that Anita Lamela Montalvo did not appear to answer the complaint of her alleged natural sister, Nilda Gerena, that her default was entered, and judgment against her was entered, and that she did not appear in the intervention proceeding. Assuming, without deciding, that the possible annulment of an assignment of hereditary rights may convert the party in default in an action of filiation or of declaration of heirship into an adversely injured party, we believe that sufficient notice was given in the instant case because the attorney upon whom it was served was the attorney for both parties, particularly in a case like this in which the attorney appeared at the trial and had an opportunity to state his case. *Nicole* v. *Montalvo*, 66 P.R.R. 326, 329 (Córdova Díaz, 1946).

■■ Regarding the allegation that the motion for leave to intervene was not accompanied by a copy of the complaint in intervention, the motion in question is an elaborate one in which all the grounds for a complaint in intervention are set

forth. As a matter of fact, the assignment of the error should have been converse, that is, that it is a complaint in intervention which was not preceded by the corresponding application for intervention. We have already held that a pleading which states a claim for intervention is sufficient as a complaint, irrespective of its title or the lack of such title, even if it is filed prior to the granting of leave to intervene. *Nicole* v. *Montalvo, supra,* at p. 328. It is clear to us that in this case the motion of interveners is sufficient, both as an application and as a complaint in intervention. The fact that all the allegations were included in one single paper should not alter the remedial situation.

The third error bearing on appellant's assertion that the Lamela Abréu brother and sisters had no right to intervene because the assignment, made to them by their niece, Anita Lamela Montalvo, of her hereditary rights, had been challenged, is without merit. As long as the assignment is not set aside, the legal situation brought about converts the Lamela Abréu brother and sisters into interested parties in any litigation directly or indirectly related to the property assigned.

The order will be affirmed.

Mr. Justice Sifre and Mr. Justice Saldaña concur in the result.

Mr. Justice Pérez Pimentel did not participate herein.